# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Case No. 3:18-cv-448-RJC-DSC

| | |
|---|---|
| CAROTRANS INTERNATIONAL, INC., | ) |
|                               Plaintiff, | ) |
| v. | ) |
| CAROLINA RECYCLE PARTNERS, LLC, et. al., | ) |
|                               Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Individual Defendants' … Motion to Dismiss" (document #27), Defendant Ruff's "Motion to Dismiss … for Lack of Personal Jurisdiction" (document #24), and the parties' briefs and exhibits.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and this Motion is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Individual Defendants' … Motion to Dismiss" (document #27) be <u>granted in part</u> and <u>denied in part</u> and that Defendant Ruff's "Motion to Dismiss … for Lack of Personal Jurisdiction" (document #24) be <u>denied as moot</u> as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Accepting the allegations of the Complaint as true, Plaintiff seeks to recover freight charges and other costs it incurred transporting a cargo of reclaimed rubber waste that was sold by Defendant Carolina Recycle Partners, LLC to Honta Industry Group in China. When Honta refused to take possession of the rubber upon arrival, Plaintiff sought to recover its expenses from

Defendants. The Individual Defendants are alleged to be jointly and severally liable with Carolina Recycle because (a) they were Carolina Recycle's agents and (b) the Terms and Conditions of the Bills of Lading impose joint and several liability on all "servants and agents" of Carolina Recycle. See Amended Complaint at ¶¶ 7-18 (document #22); Plaintiff's "Response …" at 9 (document #30) ("Based on their statuses, as either managers [Brinkley, Scott and Ruff] or officers [Cooper] of shipper Carolina Recycle, the Individual Defendants are agents of Carolina Recycle and also are "Merchants" with respect to the Subject Shipments as defined by the Terms and Conditions [of the Bills of Lading]").

There are no allegations that Defendants Brinkley, Scott or Ruff were aware of or participated in the formation of the contract. Plaintiff alleges that Defendant Cooper was Carolina Recycle's President and responsible for negotiations with Honta. See "Individual Defendants' Reply …" at 4 (document #36) (acknowledging that the Amended Complaint contains "numerous references to Cooper's conduct related to the transaction.")

The Individual Defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that their status as members or officers of Carolina Recycle Partners, LLC does not establish them as agents of the LLC. Defendant Ruff has also moved to dismiss for lack of personal jurisdiction.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing

any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark[] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not

'show[n]'-'that the pleader is entitled to relief,'" and therefore should be dismissed.  Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The central issue is whether the Terms and Conditions of the Bills of Lading impose personal liability on the Individual Defendants.  In relevant part, the Terms and Conditions state:

> a. "'Charges' mean[s] freight, deadfreight, demurrage and all expenses and money obligations incurred and payable by the Merchant."
> b. "Merchant" means the shipper, consignee, receiver, holder of this Bill of Lading, owner of the cargo or person entitled to the possession of the cargo **and the servants and agents of any of these, all of whom shall be jointly and severally liable to the Carrier for the payment of all Charges,** and for the performance of the obligations of any of them under this Bill of Lading….

Exhibit 2 to Amended Complaint (document #22).

"When a contract is a maritime one, and the dispute is not inherently local, federal law controls the contract interpretation." Norfolk S. Ry. Co. v. Kirby, 543 U.S. 14, 22–23 (2004). In Kirby, the Supreme Court reaffirmed that contracts to carry goods in maritime commerce under bills of lading were ". . . maritime contracts because their primary objective is to accomplish transportation of goods by sea . . ."). The federal courts' ". . . authority to make decisional law for the interpretation of maritime contracts stems from the Constitution's grant of admiralty jurisdiction to federal courts." Id. at 23. (citing Constitution, Art. III, § 2, cl. 1 (providing that the federal judicial power shall extend to "all Cases of admiralty and maritime Jurisdiction") and 28 U.S.C. § 1333(1) (granting federal district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction")).

With respect to the interpretation of maritime contracts, the "touchstone is a concern for the uniform meaning of maritime contracts…" Id. at 28. "Applying state law to cases like this one would undermine the uniformity of general maritime law." Id. see also Thypin Steel Co. v. Asoma Corp., 215 F.3d 273, 277 (2d Cir.2000) ("A bill of lading for ocean carriage is a maritime

contract."); Korea Exp. USA, Inc. v. K.K.D. Imp., Inc., 103 F.Supp.2d 682, 686 (S.D.N.Y.2000) (finding maritime jurisdiction over suit brought by plaintiff for unpaid freight charges based upon bills of lading).

It is undisputed that the Individual Defendants are agents of Carolina Recycle due to their status as managers [Brinkley, Scott and Ruff] or officer [Cooper]. "Managers are agents of [North Carolina Limited Liability Companies] and 'may act on behalf of the LLC in the ordinary course of the LLC's business.'" Southpark Morrison, LLC v. Ferncroft Morrison LLC, 315CV00489RJCDCK, 2016 WL 4487890, at *6 (W.D.N.C. Aug. 25, 2016), appeal dismissed, 16-2114, 2017 WL 4412932 (4th Cir. Jan. 23, 2017), and vacated by consent on unrelated grounds, 315CV00489RJCDCK, 2017 WL 1100446 (W.D.N.C. Feb. 14, 2017)(citing N.C. Gen. Stat. Ann. § 57D-3-20(c)). As President of Carolina Recycle, Defendant Cooper falls within the definition of "Company Official" under the North Carolina Limited Liability Company Act, which deems "officers" exercising management authority over the limited liability company to be "company officials" after being so authorized by managers. See N.C. Gen. Stat. §§ 57D-1-03(5) & 57D-3-22. Plaintiff has also alleged that Defendant Cooper acted as an agent concerning the shipments.

The remaining question is whether Defendants are agents as the term is used in the Bills of Lading. Plaintiff relies on Mediterranean Shipping Co. USA Inc. v. AA Cargo Inc., 46 F. Supp. 3d 294 (S.D.N.Y. 2014) where the Bill of Lading extended liability to "the Shipper, Consignee or anyone acting on behalf of this Person'" Id. at 298–99. That case is distinguishable from the facts alleged here. In Mediterranean Shipping Co. USA Inc., the Bill of Lading identified the defendant as an "agent." Id. at 296. Moreover, the Court held that liability was based upon defendant "acting as an agent." Id. at 300. Only Defendant Cooper is alleged to have acted as an agent here. See also

Hawkspere Shipping Co. v. Intamex, S.A., 330 F.3d 225, 235-36 (4th Cir. 2003) (to prove agency, plaintiff must show either actual or apparent authority).

None of the other cases cited by Plaintiff involve an agent. Rather, the bills of lading in those cases imposed liability on "principals" of the shipper. See Maersk, Inc. v. Royal Brands Int'l, Interforce Trading Inc., No. 98-civ-8396-LAP, 2001 WL 456343, at *2 (S.D.N.Y. May 1, 2001); Maersk Inc. v. Atcom Indus., 73 F. Supp. 2d 387, 390-91 (S.D.N.Y. 1999) (same); Maersk Inc. v. Am. Midwest Commodities Exp. Companies, Inc., No. 97-civ-475-NRB, 1998 WL 473945, at *4 (S.D.N.Y. Aug. 10, 1998) (same); Maersk Inc. v. Alan Mktg., Inc., No. 97-civ-3495(HB), 1998 WL 167323, at *1, (S.D.N.Y. Apr. 10, 1998) (same).

Applying those legal principles to the factual allegations here, Plaintiff has pled a claim against Defendant Cooper. Plaintiff alleges Defendant Cooper's actual involvement in the transaction as President of Carolina Recycle, which if proven, would be sufficient to hold him jointly and severally liable as an agent under the Bills of Lading. Plaintiff has failed to allege that any of the other Individual Defendants acted as an agent in these transactions. Accordingly, the undersigned respectfully recommends that Defendants' Motion to Dismiss be granted as to Defendants Brinkley, Ruff and Scott, and denied as to Defendant Cooper.

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that "Individual Defendants' … Motion to Dismiss" (document #27) be **GRANTED IN PART** and **DENIED IN PART**, that is **GRANTED** as to Defendants Brinkley, Ruff and Scott and **DENIED** as to Defendant Cooper, and that Defendant Ruff's "Motion to Dismiss … for Lack of Personal Jurisdiction" (document #24) be **DENIED AS MOOT.**

## IV.  NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: May 29, 2019

David S. Cayer
United States Magistrate Judge